## CURRENT COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

No. 276
### WRIGHT v. CHANDLER MOTOR CAR CO.
Ohio Court of Appeals, Cuyahoga County
No. 4157. Jan. 29, 1923
**WORKMEN'S COMPENSATION LAW—(1) Provision of 1027 GC. requiring guarding of all dangerous machinery applies to machinery used in manufacture, and not to finished product.**
PER CURIAM:
Epitomized Opinion
Error to Cuyahoga Court of Common Pleas

Wright was employed by the Motor Car Co. to test certain tractors which, when completed, were so constructed as to prevent the feeet of the operator from coming in contact with the moving belt, but which, in a partial state of completion, did permit of injury to the feet of the operator. Wright, while testing a tractor which was only partially completed, caught his foot in the belt and was severely injured. He chose to ignore the Workman's Compensation Law, as was his right, and brought action in the court of Common Pleas, where judgment was rendered for the Motor Car Co. Held by Court of Appeals in affirming judgment:

1. The provisions of 1027 GC. requiring the guarding of all dangerous machinery, or the enclosing with railings of certain belts, might be construed as lawful requirements, but they apply to machinery used in the work of manufacture and not to the finished product, although that product may be a machine.

Attorneys—Anderson, Lamb & Osborne, for Wright; Niman, Grossman, Buss & Holliday, for the Motor Co.

No. 277
### TOLEDO EDISON CO. v. CONWAY
Ohio Court of Appeals, Lucas County
No. 1295. March 5, 1923
**NEGLIGENCE—(1) Verdict reversed as being manifestly against weight of evidence.**
Epitomized Opinion
Error to Lucas Court of Common Pleas
CHITTENDEN, J.:

In 1917 Conway discontinued the use of artificial gas in her home and had the meter removed. Several weeks later Conway complained to the Edison Co. that there was a leakage of gas near the place where the meter had formely been located. This defect was remedied promptly, In 1921 Conway employed a man who was not a licensed plumber to install a hot plate in her house, the installation being effected by tying in from the natural gas line to the pipes formerly used for carrying artificial gas. An explosion followed an attempt to use the hot plate and Conway claims the explosion to be the result of escaping artificial gas. The Edison Co. claims the explosion to have been caused by natural gas. Held by Court of Appeals in reversing judgment for Conway:

1. We are impelled to hold that the verdict and judgment are contrary to the weight of the evidence as to the source of the gas explosion. The evidence does not indicate that any notice was given to the Edison Co. of defective pipes and does not establish facts which would require inspection by the Company.

Attorneys—Tracy, Chapman & Wella and Frank A. Harrington, for the Edison Co.; John E. Steel and Emmet C. Sayles, for Conway.

No. 278
### BAUMGARDNER v. MALLOY
Ohio Court of Appeals, Lucas County
No. 82405. March 19, 1923
This opinion has not been published except in Abstract.
**PRIORITIES—(1) Between holder of land contract and holder of mechanic leni—(2) Priority of mechanic lien to claims of general creditors.**
KINKADE, J.
Epitomized Opinion

This is an action to determine priorities beetween various liens. Malloy purchased property from a grantor for $3,500. The property was sold under a land contract, title remaining in the grantor until the entire purchase price was paid. As there was an $800 mortgage on the property at the time, the grantor agreed to pay that mortgage out of the payments made by the grantee. The grantee made certain improvements upon the property, constructing a store room thereon, with a living apartment above. Being in need of more money to carry on his business, he secured a loan of $2800 from a loan association. As the title to the real estate still remained in the vendor, the mortgage was signed by both the vendor and the vendee. Being unable to meet his obligations, two mechanic liens were filed against the property of the vendee. Suits were then commenced by various creditors, and a receiver appointed. In the meanwhile the land contract was canceled. An appeal was later prosecuted by the various lien holders. Held:

1. That the liens for labor and material only covered the equitable interest of the vendee in the property.

2. That the vendor was entitled to recover as between herself and the other creditors of the vendee, the sum of $5450, together with interest, and that the parties entitled to mechanic liens were entitled to any sums over that amount.

3. That an ysurplus over and above the claim of the vendor and the holders of mechanics' liens should be distributed among the general creditors.

Attorneys—Denman, Kirkbride, Wilson & McCabe, for Baumgardner; Smith, etc., for Malloy.